1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9                  DISTRICT OF NEVADA
10

11   NICHOLAS JAMES WILLING,                    2:14-cv-01194-RFB-CWH
             *Petitioner*,
12
     v.
13                                              **ORDER**
14   BRIAN E. WILLIAMS, SR., *et al.,*
15          *Respondents*.
16

17         This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule
18   4 of the Rules Governing Section 2254 Cases.   Following initial review, the Court finds that
19   proceedings are warranted with respect to a possible conflict of interest arising from petitioner's
20   retained trial and direct appeal counsel representing him in post-conviction proceedings and/or possible
21   waiver of any such conflict.

22   **I.      BACKGROUND**

23         Petitioner Nicholas James Willing challenges his Nevada state conviction, pursuant to a jury
24   verdict, of three counts each of first-degree kidnapping with the use of a deadly weapon and assault with
25   a deadly weapon, and one count each of burglary with the use of a deadly weapon, robbery with the use
26   of a deadly weapon, grand larceny with the use of a deadly weapon, grand larceny of a firearm with the
27   use of a deadly weapon, battery with the intent to commit grand larceny, and conspiracy to commit
28   robbery.  It appears from a preliminary review that petitioner faces 32 to 75 years' imprisonment on the

1    longest consecutive sentence structure imposed on the multiple charges.  See Pet'r's App. No. 3, ECF

2    No. 6.  The Court makes no definitive finding as to the specifics of the operation of the overall sentence

3    structure.

4         The Supreme Court of Nevada affirmed the judgment of conviction on direct appeal in a May

5    14, 2013, order of affirmance, in No. 61421 in that court.  The remittitur issued on June 11, 2013.  The

6    ninety-day time period for filing a petition for a writ of *certiorari* in the United States Supreme Court

7    expired on August 12, 2013.

8         During the pendency of the direct appeal, on February 6, 2013, petitioner filed a motion for new

9    trial in the state district court.  The state supreme court affirmed the denial of the motion on a separate

10   appeal, in No. 63197.  The remittitur issued on May 6, 2014.

11        Petitioner filed the present federal petition, through retained counsel, on July 21, 2014.

12   Petitioner's retained federal habeas counsel is the same counsel that represented petitioner at trial, on

13   the motion for a new trial, and on the two appeals.

14   **II.    DISCUSSION**

15        As further backdrop, the Court notes that it would appear that the state one-year limitations

16   period under N.R.S. § 34.726 for filing a timely state post-conviction petition putatively expired on its

17   face absent other circumstances one year from the issuance of the remittitur, *i.e.,* on June 11, 2014.

18        The federal one-year limitation period under 28 U.S.C. § 2244(d)(1) putatively will expire on

19   its face – absent tolling, delayed accrual or a showing of actual innocence – on May 6, 2015.[1]  The

20   _____

21        [1]The limitation period begins to run under § 2244(d)(1)(A) after the conclusion of direct review, which in this
     instance would be after the expiration of the time for seeking *certiorari* review on August 12, 2013.  However, the
22   limitation period is statutorily tolled under § 2244(d)(2) during the pendency of a properly filed application for state
     post-conviction or other collateral review.  The proceedings on the post-judgment motion for new trial therefore tolled
23   the federal limitation period through the issuance of the remittitur on May 6, 2014.  The time for seeking *certiorari*
     review does not extend the pendency of the collateral review proceeding for purposes of statutory tolling under §
24   2244(d)(2).  The federal limitation period therefore will putatively expire on its face on May 6, 2015.

25

26        Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights
     diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Holland v.
27   Florida, 560 U.S. 631, 655 (2010) (quoting prior authority).  Equitable tolling is "unavailable in most cases," Miles v.
     Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest
28                                                                                              (continued...)

pendency of this federal action does not toll the federal limitation period as to a later federal petition. Duncan v. Walker, 533 U.S. 167 (2001). The pendency of the original petition further does not toll the federal limitation period as to any claims asserted later in this proceeding, unless the later claims relate back to a claim in the prior pleading under the standard set forth in Mayle v. Felix, 545 U.S. 644 (2005). Moreover, a petitioner may not pursue a second or successive federal habeas petition after a prior petition has been adjudicated on the merits unless he obtains permission from the Court of Appeals to do so based upon a *prima facie* showing of the requirements in 28 U.S.C. § 2244(b)(2).

No claims of alleged ineffective assistance of trial or appellate counsel are asserted in the original petition in this matter.

However, current retained counsel – who represented petitioner both at trial and on appeal – would appear to have a conflict of interest with regard to the consideration and presentation of any such claims. The Court addressed in two recent cases another context where appointed federal habeas counsel was in an analogous position with respect to the effectiveness of her representation in a prior proceeding.

The Court emphasized in proceedings in the Bergna case:

> . . . [T]here in truth can be no dispute that petitioner currently does not have conflict-free counsel. . . . [C]ompetent federal habeas counsel would review the state proceedings to determine whether there were . . . possible additional claims of ineffective assistance of . . . counsel that . . . were not pursued . . . . [C]urrent counsel thus is placed in a position of having to review the performance of a state . . . litigation

---

¹(...continued)

the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." Id. at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. E.g., Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); accord Bryant v. Ariz. Att'y Gen., 499 F.3d 1056, 1061 (9th Cir. 2007).

To adequately demonstrate actual innocence as an equitable exception, a petitioner must present new reliable evidence that was not presented previously that, together with the evidence adduced previously, demonstrates that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. See, e.g., Schlup v. Delo, 513 U.S. 298, 327 (1995); see also Griffin v. Johnson, 350 F.3d 956, 961-63 (9th Cir. 2003). In this regard, "actual innocence" means actual factual innocence, not mere legal insufficiency. See, e.g., Sawyer v. Whitley, 505 U.S. 333, 339 (1992). The court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial," and "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." Schlup, 513 U.S. at 332.

team on which she worked . . . as an attorney . . . . *The fact that no such additional claims currently are raised in the current pleadings wholly begs the question.* Current counsel is under an obligation . . . to conduct such review, and she has a conflict of interest when doing so. *That conflict of interest is real, actual and current.*

Bergna v. Benedetti, no. 3:10-cv-00389-RCJ-WGC, 2013 WL 3491276, slip op. at *2 (D. Nev. July 9, 2013) (footnote omitted) (emphases added).

After quoting the above language from Bergna, the Court thereafter reinforced the underlying core point in the Huebler case:

Federal habeas counsel is conflict-laden counsel now.

. . . . The issue is not the . . . claims that counsel *did* raise but instead is the arguments that conflict-free counsel would raise as to claims that she did *not* raise.

Huebler v. Varé, no. 3:05-cv-00048-RCJ-VPC, 2014 WL 1494271, slip op. at *11 (D. Nev. April 15, 2014) (emphasis in original).

Bergna and Huebler addressed a different but nonetheless analogous circumstance. In those cases, federal habeas counsel was representing the petitioner in a context where counsel's alleged ineffective assistance in state post-conviction proceedings potentially could provide a basis for relief to overcome a potential procedural default of additional as-yet unraised claims of ineffective assistance of trial or appellate counsel. The core underlying circumstance remains the same, however. In seeking federal habeas relief for petitioner, counsel places himself in the position of possibly reviewing his performance as trial and appellate counsel to determine whether claims of ineffective assistance of counsel also should be exhausted and raised – in petitioner's likely only opportunity for federal habeas review. The fact that no such additional claims currently are raised in the current pleadings begs the question. Counsel who had not represented the petitioner in the prior proceedings would conduct such a review wholly free of any such conflict arising in connection with reviewing their own performance in prior proceedings.

The Court is cognizant that counsel is retained rather than appointed. However, the better course would be to confirm at the outset that the conflict has been addressed, including possibly by a knowing, intelligent, and voluntary waiver of the conflict. Cf. Wheat v. United States, 486 U.S. 153, 160-63 (1988) (the court had authority in a federal criminal case to address the potential for conflict

-4-

1  arising in the context of multiple representation even in circumstances where the accused had a Sixth

2  Amendment right to counsel of choice, given the potential impact of the issue as to later proceedings).

3       At a minimum, in order to demonstrate a knowing, intelligent and voluntary waiver of the

4  conflict, petitioner would have to establish in a proper person declaration under penalty of perjury that:

5  (a) he has been advised by conflict-free counsel regarding his options; (b) he understands that if he fails

6  to timely raise claims of ineffective assistance of trial or appellate counsel and/or other claims in federal

7  court prior to May 6, 2015, he likely will be barred thereafter from pursuing any such claims; (c) he

8  further understands in addition that if he pursues the present federal petition through to a decision on

9  the merits without raising claims of ineffective assistance of trial or appellate counsel and/or other

10  claims, he likely will be barred thereafter from pursuing such claims; (d) current federal habeas counsel

11  has a conflict of interest both in advising him with respect to possible claims of ineffective assistance

12  of trial or appellate counsel and in pursuing such claims in this proceeding; and (e) petitioner, having

13  been fully advised of his rights, his potential claims, and current counsel's conflict of interest, has

14  waived the conflict of interest and elected to pursue the federal petition through current counsel, aware

15  that as a result he likely thereafter will be barred from pursuing any possible claims of ineffective

16  assistance of trial or appellate counsel and/or other unraised claims.

17       The Court reserves the option of having an in-court proceeding.

18       **IT THEREFORE IS ORDERED** that, so that respondents also potentially may respond in

19  connection with the issue noted herein, the Clerk of Court shall effect informal electronic service on

20  the state attorney general in the customary manner and shall regenerate notices of electronic filing to

21  her office of all prior filings herein.  Respondents' counsel shall enter a notice of appearance within

22  **twenty-one (21) days** of entry of this order.

23       **IT IS FURTHER ORDERED** that, within **twenty-eight (28) days** of entry of this order,

24  petitioner shall file a response addressing the conflict issue noted herein, including, if and as applicable,

25  a waiver of conflict as described herein.

26       Nothing herein suggests that the papers presented are not subject to possible deficiencies.  The

27  Court has not completed initial review of the pleadings under Rule 4 at this juncture.

28  / / /

1    DATED this 14th day of November, 2014.

2

3

4    _____
     RICHARD F. BOULWARE, II.
5    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28