1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

10  NICHOLAS JAMES WILLING,

11        Petitioner,                                Case No. 2:14-cv-01194-RFB-CWH

12  vs.                                              **ORDER**

13  BRIAN E. WILLIAMS, SR., *et al.*,

14        Respondents.

15

16        This habeas matter comes before the court on several motions by both parties.  The court first

17  considers petitioner's retained counsel's motion to withdraw as attorney (ECF #27).  The papers on file

18  in this case reflect that counsel represented petitioner at his state district court trial and on direct appeal

19  (ECF #1, p. 4).  Petitioner did not file a state postconviction habeas corpus petition.  *Id.*  Accordingly,

20  this court directed counsel for petitioner to file a statement addressing the potential conflict of interest

21  with respect to any potential ineffective assistance of state-court counsel claims that petitioner may have

22  and directed him to include a waiver of conflict, if applicable.

23        On January 26, 2015, counsel filed the statement, in which he indicated that, on several specific

24  occasions both prior to and after filing the federal habeas petition, he had advised his client of his right

25  to file for state postconviction relief and had advised him to consult or retain other counsel to represent

26  him in state and/or federal postconviction proceedings (ECF #23).  Contemporaneously, counsel filed

27  a declaration by petitioner that attests that petitioner was advised by his counsel on several occasions,

28  both in person and in writing, of his legal options, including the pursuit of ineffective assistance of

counsel claims (ECF #24).  Petitioner declared that he wished his counsel to continue to represent him and that he understood that if he pursued the current federal petition he would likely be barred thereafter from raising any ineffective assistance of counsel claims.  *Id*.  He accordingly informed the court that he knowingly, intelligently, and voluntarily waived the conflict of interest and elected to pursue the current federal petition through current counsel.  *Id*.

Sixty days later on March 26, 2015, petitioner, still represented by counsel, filed a *pro se* motion to stay the petition (ECF #25).[1]  He stated that he had terminated his counsel "due to multiple issues." *Id*.  He asks this court to stay his federal petition in order that he may pursue his ineffective assistance of counsel claims in a state postconviction habeas petition.  *Id*.

Thereafter, on April 10, 2015, petitioner's counsel filed a motion to withdraw as counsel or in the alternative, notice of petitioner's discharge of retained counsel (ECF #27).  Counsel moved to withdraw based on petitioner's correspondence with counsel and petitioner's *pro se* filing.  *Id*.  Pursuant to Local Rule 1A, counsel informed the court that his withdrawal will not delay any discovery or trial or hearing date as no such deadlines have been set.  *Id*.  He also asks, alternatively, that the court construe the motion as a notice of discharge of retained counsel.  *Id*.  Good cause appearing, the motion to withdraw as counsel (ECF #27) is granted.

Turning to petitioner's *pro se* motion to stay, as he appears to be aware, a federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state

---

[1]  Petitioner styled his motion as a motion to stay and motion for leave of court to return to state court; therefore it was docketed as two motions at ECF #s 25 and 26.  The court shall refer to the document as petitioner's motion for stay and cite it as ECF #25.

1    collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v.*
2    *McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

3         Petitioner now contends that he has unexhausted claims involving conflict of interest and
4    ineffective assistance of counsel that he needs to pursue in state court (ECF #25).  He asks this court
5    to stay his federal petition in order that he may exhaust these other claims before raising them in this
6    federal proceeding, if necessary.  *Id.*

7         Respondents have opposed the motion to stay (ECF #29).  They point out that, generally
8    speaking, a petitioner must have a "mixed petition" containing both exhausted and unexhausted claims
9    before he or she can seek a stay of federal proceedings while attempting to present the unexhausted
10   claims in state court.  *Id.*; *Rhines v. Weber*, 544 U.S. 269 (2005); *Raspberry v. Garcia*, 448 F.3d 1150,
11   1154 (9th Cir. 2006).  Petitioner's current federal petition presents only grounds that he alleges he
12   exhausted in his direct appeal to the Nevada Supreme Court; accordingly, this is not a mixed petition
13   where the court could consider whether to grant a stay (ECF #1).  As such, petitioner's motion for stay
14   is denied.

15        While the court may not grant a stay as to the current petition, the court shall give petitioner
16   leave to file an amended petition, if he chooses to do so.  As the court typically advises petitioners, a
17   petition for federal habeas corpus should include all claims for relief of which petitioner is aware.  If
18   petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal
19   habeas relief upon that claim.  *See* 28 U.S.C. §2254(b) (successive petitions).  If petitioner wishes to
20   file an amended petition, he shall, within forty-five (45) days of the date of this order, file an amended
21   petition that concisely states each and every ground for relief–whether exhausted or unexhausted–and
22   briefly summarizes the facts supporting each ground.  Petitioner is expressly advised that he should
23   familiarize himself with the limitations period set forth in 28 U.S.C. § 2244 (d).

24        If petitioner elects not to file an amended petition, he shall, within forty-five (45) days of the
25   date of this order, file a statement that he intends to proceed on the current federal petition at ECF #1.
26   If petitioner fails to timely respond in any manner to this court's order, this action shall proceed on the
27   current federal petition (ECF #1).

28

1   **IT THEREFORE IS ORDERED** that the motion to withdraw as attorney (ECF #27) is
2   **GRANTED**.

3   **IT FURTHER IS ORDERED** that petitioner's motion to stay (docketed as ECF #s 25 and 26)
4   is **DENIED**.

5   **IT FURTHER IS ORDERED** that if petitioner elects to file an amended petition in
6   conformance with this order, he shall file and serve such amended petition within **forty-five (45) days**
7   of the date of this order.

8   **IT FURTHER IS ORDERED** that, if petitioner elects not to file an amended petition, he shall
9   file and serve a notice of intent to proceed on the current petition within **forty-five (45) days** of the date
10  of this order.  Petitioner is expressly advised that if he takes no action, this court shall issue an order
11  directing this case to proceed on the petition currently on file (ECF #1).  Nothing herein suggests that
12  the current petition is not subject to possible deficiencies.  The court has not completed initial review
13  of the pleadings under Habeas Rule 4 at this juncture.

14  **IT FURTHER IS ORDERED** that respondents' motion for extension of time (ECF #28) is
15  **GRANTED** *nunc pro tunc*.

16

17  DATED this 29th day of May, 2015.

18

19  _____
20  RICHARD F. BOULWARE, II
    UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

27

28

-4-