# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NICHOLAS JAMES WILLING,

    Petitioner,

vs.

BRIAN E. WILLIAMS, SR., *et al.*,

    Respondents.

Case No. 2:14-cv-01194-RFB-CWH

**ORDER**

    This habeas matter comes before the court on several motions by petitioner. On May 29, 2015, this court granted the motion to withdraw filed by counsel for petitioner (ECF No. 31). Petitioner filed a first amended petition on June 29, 2015 (ECF No. 33), but also filed a motion for appointment of counsel that same day (ECF No. 36). Respondents have not opposed.

    There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). Here, former counsel for petitioner

1  Willing, Donald Green, represented Willing for his state court trial and direct appeal and then
2  represented Willing in this federal habeas proceeding (*see* ECF Nos. 31, 33, p. 3).  Willing now seeks
3  to present claims that Green rendered ineffective assistance.  Moreover, while not entirely clear, it
4  appears that petitioner is serving sentences totaling more than thirty-five years.  The court has
5  determined that counsel is warranted in this matter, and petitioner's motion is granted.

6  In light of the appointment of counsel, petitioner's *pro se* motions to extend prison copywork
7  limit (ECF No. 32); motion for leave to file motion to issue certificate of appealability (ECF No. 34);
8  and motion for leave to file petition for release (ECF No. 35) are all denied.

9  **IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel (ECF
10 No. 36) is **GRANTED**.

11 **IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada
12 ("FPD") is appointed to represent petitioner.

13 **IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the FPD
14 a copy of this order, together with a copy of the petition for writ of habeas corpus.  The FPD shall have
15 thirty (30) days from the date of entry of this order to file a notice of appearance or to indicate to the
16 court its inability to represent petitioner in these proceedings.

17 **IT IS FURTHER ORDERED** that, after counsel has appeared for petitioner in this case, the
18 court will issue a scheduling order, which will, among other things, set a deadline for the filing of a
19 second amended petition, if any.

20 **IT IS FURTHER ORDERED** that petitioner's *pro se* motions to extend prison copywork limit
21 (ECF No. 32); motion for leave to file motion to issue certificate of appealability (ECF No. 34); and
22 motion for leave to file petition for release (ECF No. 35) are all **DENIED**.

24  DATED this 13th day of November, 2015.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

-2-