UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NICHOLAS JAMES WILLING, | Case No. 2:14-cv-01194-RFB-CWH |
| Petitioner, | **ORDER** |
| v. | |
| BRIAN E. WILLIAMS, SR., *et al.,* | |
| Respondents. | |

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. On November 13, 2015, this court granted petitioner Nicholas James Willing's motion for appointment of counsel and appointed the Federal Public Defender (ECF No. 37). The court recently granted petitioner's counseled motion for an extension of time to file the second amended petition (ECF No. 43). Counsel for Willing indicated that he seeks an extension, in part, because he has been diligently gathering the state-court record as well as former counsel's files, which was hampered by former counsel's unavailability. *Id*.

Willing has now submitted two *pro se* motions for appointment of new counsel, complaining that current counsel has refused to simply amend the petition to include all grounds petitioner directs him to include (ECF Nos. 41 and 42). He has also filed a third motion, which he styled a motion in support of his two motions for appointment of counsel (ECF No. 44). First, these motions, filed *pro se* by a petitioner who is represented by counsel, are not properly before the court. Next, while the United States Supreme Court has held that a *criminal defendant* is given the "ultimate authority" to make certain fundamental decisions regarding his case (such as whether to plead guilty, waive a jury, testify on one's own behalf, take an appeal, or represent

1

oneself), matters of tactics and strategy, including which claims are to be presented on appeal, are left to the discretion of counsel. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Counsel is appointed to provide counsel and representation and not to merely act as a scrivener to be directed by petitioner. The court further notes that counsel for Willing has indicated he currently is gathering the necessary records and files. It is unlikely that counsel has even had an opportunity yet to analyze petitioner's habeas claims.

**IT IS THEREFORE ORDERED** that petitioner's two *pro se* motions for appointment of new counsel (ECF Nos. 41 and 42) and pro se motion in support of motions for counsel (ECF No. 44 are all **DENIED**.

**IT IS FURTHER ORDERED** that the motion to extend time to file a second-amended petition, filed by counsel for petitioner (ECF No. 45), is **GRANTED**. Within **ninety (90) days** of the date of this order, petitioner shall file his second-amended petition.

**DATED**: July 27, 2016.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

2