UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NICHOLAS JAMES WILLING,

Petitioner,

v.

BRIAN E. WILLIAMS, SR., et al.,

Respondents.

Case No. 2:14-cv-01194-RFB-CWH

ORDER

This action is a counseled petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Nevada state prisoner Nicholas James Willing. Willing has filed a motion for stay and abeyance of these federal proceedings in accordance with *Rhines v. Weber* to allow him to return to state court to exhaust certain grounds for relief (ECF No. 55).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

1

*Rhines*, 544 U.S. at 277.

The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Thus, the court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.* An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). *See also Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

Here, Willing seeks to return to state court to exhaust parts of three federal grounds that relate to his allegations that the State suppressed favorable and material evidence (ECF No. 55). Respondents have indicated that they do not oppose the motion for stay (ECF No. 57). Respondents note that they make no concession or waiver of any kind as to the merits of the claims or as to any applicable procedural

2

defenses to the second-amended petition if Willing returns to this court to further litigate the second-amended petition. *Id.* Good cause appearing, Willing's motion for stay and abeyance shall be granted.

Petitioner has also filed a motion to partially waive Local Rule IA 10-3(e) (ECF No. 54). Petitioner asks the court to waive, for purposes of this action, the provision in Local Rule IA 10-3(e) that requires the cover page of each filed exhibit to include a description of the exhibit. *See* LR IA 10-3(e); *see also* LR IA 10-3(i). Petitioner points out that Local Rule IA 1-4 provides that the court may waive any provision of the local rules, *sua sponte* or on a motion, if the interests of justice so require. *See* LR IA 1-4. Petitioner states that adding descriptors to the cover pages of exhibits, which in this case now total over 65, is unduly burdensome for the Federal Public Defender, which has limited resources, hundreds of indigent clients, and limited office staff (ECF No. 54). Petitioner states that he will still provide indexes of exhibits and exhibit cover sheets referencing each exhibit by number. *Id.* In light of the number of exhibits in this habeas corpus action, the court finds that there is good cause for the requested waiver, and will grant the waiver for all parties.

Finally, just before counsel for petitioner filed the second amended petition, Willing filed a third *pro se* motion for the appointment of new counsel (ECF No. 47). As with the first and second, the third *pro se* motion is not properly before the court because Willing is represented by counsel. Willing complains again that his counsel refused to simply raise all grounds that petitioner directs him to include. This court again notes that the role of Willing's attorney is to provide counsel and not to act as a mere scrivener. The third motion for appointment of new counsel shall be denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (ECF No. 55) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending final resolution of petitioner's pending state postconviction habeas petition.

3

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within **forty-five (45) days** of the issuance of the remittitur by the Supreme Court of Nevada, at the conclusion of the state court proceedings on the postconviction habeas petition.

**IT IS FURTHER ORDERED** that petitioner's motion to partially waive Local Rule IA 10-3(e) (ECF No. 54) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's third *pro se* motion for appointment of new counsel (ECF No. 47) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ADMINISTRATIVELY CLOSE** this action, until such time as the court grants a motion to reopen the matter.

DATED: June 22, 2017.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE