# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS JAMES WILLING, | Case No.: 2:14-cv-01194-RFB-CWH |
| Petitioner, | |
| v. | **ORDER** |
| BRIAN E. WILLIAMS, SR., et al., | |
| Respondents. | |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 22, 2017, this court granted a stay and administratively closed petitioner Nicholas James Willing's federal habeas corpus action while he litigated his state petition (ECF No. 59). Willing's further state-court proceedings have concluded, and he has now returned to this court seeking to reopen this case (ECF No. 75). Good cause appearing, this action is reopened.

**IT IS THEREFORE ORDERED** that petitioner's motion to reopen this action (ECF No. 75) is **GRANTED**.

**IT IS FURTHER ORDERED** that, as the stay is lifted by this order, the Clerk shall **REOPEN THE FILE** in this action.

**IT IS FURTHER ORDERED** that respondents shall file a response to the second-amended petition (ECF No. 48), including potentially by motion to dismiss, within 90 days of the date of this order, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner shall have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests

for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number of the exhibit in the attachment. **Any further exhibits filed shall also follow sequentially after the exhibits already filed** (*see* ECF No. 53).

DATED: February 1, 2019

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE