UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NICHOLAS JAMES WILLING,

Petitioner,

v.

BRIAN E. WILLIAMS, SR., et al.,

Respondents.

Case No. 2:14-cv-01194-RFB-BNW

ORDER

Before the Court is Respondents' Motion to Dismiss certain grounds in Nicholas James Willing's 28 U.S.C. § 2254 Habeas Corpus Petition as untimely or procedurally barred. ECF No. 90.

## I.  Background & Procedural History

In February 2012, following a three-day jury trial, Willing was convicted of: burglary with use of a deadly weapon (count 1); robbery with use of a deadly weapon (count 2); first degree kidnapping with deadly weapon (count 3); first degree kidnapping with deadly weapon (count 4); first degree kidnapping with deadly weapon (count 5); grand larceny with deadly weapon (count 6); grand larceny of firearm(s) with deadly weapon (count 7); battery with intent to commit grand larceny (count 8); assault with deadly weapon (count 9); assault with deadly weapon (count 10); assault with deadly weapon (count 11); and conspiracy to commit robbery (count 12) (Ex. 20 at 2-3, ECF No. 51-1).[1]

---

[1] Exhibits referenced in this order are exhibits to Petitioner's Second Amended Petition, ECF No. 48, and are found at ECF Nos. 49-53.

1

The state district court sentenced Willing as follows:

Count 1: 48 to 120 months, with a consecutive 48 to 120 months for the deadly weapon enhancement; count 2: 72 to 180 months, with a consecutive 72 to 180 months for the deadly weapon enhancement; count 3: 60 to 150 months, with a consecutive 60 to 150 months for the deadly weapon enhancement; count 4: 60 to 150 months, with a consecutive 60 to 150 months for the deadly weapon enhancement; count 5: 60 to 150 months, with a consecutive 60 to 150 months for the deadly weapon enhancement; count 6: 48 to 120 months, with a consecutive 48 to 120 months for the deadly weapon enhancement; count 7: 48 to 120 months, with a consecutive 48 to 120 months for the deadly weapon enhancement; count 8: 48 to 120 months; count 9: 12 to 30 months; count 10: 12 to 30 months; count 11: 12 to 30 months; count 12: 28 to 72 months. ECF No. 51-6 at 4-7.

The court ordered that counts 1, 2, 6, 7, 9, 10, and 11 would run concurrently, counts 8, and 12 would run consecutively to each other and consecutively to counts 1, 2, 6, 7, 9, 10, and 11, and counts 3, 4, and 5 would run consecutively to each other and concurrently with all other counts. Ex. 24 at 51-60, ECF No. 51-5. The sentences amount to about 30 to 75 years. ECF No. 48 at 4. The judgment of conviction was filed on June 26, 2012. Ex. 25, ECF No. 51-6 at 7.

The Nevada Supreme Court affirmed Willing's convictions and affirmed the denial of his motion for a new trial. Ex. 38, ECF No. 51-9; Ex. 44, ECF No. 51-25. The Nevada Supreme Court also affirmed the denial of Willing's state postconviction habeas petition. Ex. 64 at 3, 53-7.

Willing filed his original federal habeas petition in July 2014. ECF No. 1. Ultimately, after filing a Second Amended Petition (ECF No. 48), this Court granted Willing's Motion to Stay while he returned to state court. ECF No. 59. The Court then granted his Motion to Lift Stay and reopened this action in February 2019. ECF No. 76. Respondents now move to dismiss certain claims in the Second Amended Petition as time-barred. ECF No. 90.

**II.    Legal Standards & Analysis**

  **a.  AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996 and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.

2

28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

### b. Relation Back

A new claim in an amended petition that is filed after the expiration of the AEDPA one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. Mayle v. Felix, 545 U.S. 644, 664 (2005).

In Mayle v. Felix, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. Id. at 655–64. Rather, under the construction of the rule approved in Mayle, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." Id. at 657 (citation omitted). In this regard, the reviewing court looks to "the existence of a common core of operative facts uniting the original and newly asserted claims." Id. at 646. A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. Id. at 658 n.5, 659; Ha Van Nguyen v. Curry, 736 F.3d 1287, 1297 (9th Cir. 2013), abrogated on other grounds by Davila v. Davis, 137 S. Ct. 2058 (2017)).

Here, the Nevada Supreme Court affirmed Willing's convictions on May 14, 2013. ECF No. 51-9. Willing then had ninety days to seek a writ of certiorari from the United States Supreme Court. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009) (conviction final when Supreme Court denies petition for writ of certiorari, or when time to seek writ expires); see also Sup. Ct. R. 13(1).

However, in the meantime, Willing filed a motion for a new trial on February 6, 2013. Ex. 29, ECF No. 51-10. The Nevada Supreme Court affirmed the state district court's denial of the motion, and remittitur issued on May 6, 2014. Ex. 43, ECF No. 51-24; Ex. 44, ECF No. 51-25. Thus, the AEDPA statute of limitations began to run on May 7, 2014. 28 U.S.C. § 2244(d)(2).

Willing, through counsel, timely filed his original federal petition on July 21, 2014. ECF No. 1. He filed his *pro se* First Amended Petition on June 29, 2015, 418 days after the date of finality (the day after remittitur issued on Willing's motion for new trial) and approximately two months after the AEDPA statute of limitations expired. ECF No. 33. He then filed a counseled Second Amended Petition on October 25, 2016. ECF No. 48.

Therefore, the claims in Willing's Second Amended Petition must relate back to his timely original petition, otherwise they are subject to dismissal. Mayle, 545 U.S. at 657.

Respondents argue that grounds 1(C), 2(C), and 3(A) of the Second Amended Petition do not relate back to the timely, original petition. ECF No. 90 at 11-14. They additionally argue that they are procedurally barred. Id. at 14-15.

**Ground 1(C)**

Willing asserts that the prosecution suppressed favorable and material evidence regarding Dylan Spellman, one of the State's two key witnesses against Willing. ECF No. 48 at 22-26. Specifically, he alleges that, contrary to Spellman's testimony at Willing's trial, "it seems apparent" that there was an "understanding" that Spellman would not get the benefit of his plea deal with the State unless he testified against Willing. Id. at 25.

**Ground 2(C)**

Willing contends that the prosecution failed to inform the defense that it allowed Spellman to plead guilty to two reduced charges in exchange for his continued cooperation and testimony against Willing, which denied Willing his constitutional right to confront his accusers Id. at 31-32. He alleges that he was denied the ability to cross-examine Spellman regarding his general credibility or show his possible bias or ulterior motives in testifying when the State failed to inform the defense that Spellman pled guilty to reduced charges in exchange for his continued cooperation and testimony against Willing. Id.

4

**Ground 3(A)**

Willing argues that his trial counsel was ineffective for failing to conduct an adequate investigation Id. at 32-34. He alleges that counsel should have "investigated and talked to [Jamie] Sexton's attorney and Spellman's attorney [and] learned that Sexton and Spellman were required, as part of their plea agreement, to cooperate and testify against Willing." Id. at 33.

Willing's original petition focused on a separate jewelry theft case against co-defendant Jamie Sexton that the prosecution allegedly never revealed to the defense. See ECF Nos. 1, 2. Respondents are correct that Willing did not raise the claims in grounds 1(C), 2(C) or 3(A) or any claims that would even arguably arise from a common core of operative facts as any claims in the original petition. These new claims depend on events separate in "'both time and type' from the originally raised episodes." Mayle, 545 U.S. at 657. The Court concludes that these grounds do not relate back to a timely filed petition. Accordingly, grounds 1(C), 2(C) and 3(A) are dismissed as untimely.

### III.    Conclusion

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 90) is **GRANTED** as follows:

Grounds 1(C), 2(C) and 3(A) are **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that Respondents shall have sixty (60) days from the date this order is entered within which to file an answer to the remaining grounds in the Second Amended Petition.

**IT IS FURTHER ORDERED** that Petitioner shall have forty-five (45) days following service of Respondents' answer in which to file a reply.

DATED: May 12, 2020.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE